IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| EVA RIOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO._____ |
| v. | § | |
| | § | |
| HOMESITE INSURANCE | § | On removal from the 49th Judicial |
| COMPANY and MISAEL | § | District Court of Webb County, |
| GARZA | § | Texas |
| | § | Cause No. 2022CVH001747D1 |
| Defendants. | § | |

**<u>DEFENDANT HOMESITE INSURANCE COMPANY'S NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446, Defendant, Homesite Insurance Company ("Homesite"), files this Notice of Removal of this action from the 49th Judicial District Court of Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division.[1]  In support of this removal, Homesite states as follows:

**<u>INTRODUCTION</u>**

1.  Homesite issued a Texas Homeowners' Insurance Policy ("the Policy") to Plaintiff Eva Rios ("Plaintiff").  Plaintiff owns the insured property, located at 1613 Isla Mujeres Drive, Laredo, Texas 78046 ("the Property").  Plaintiff alleged damage to the Property due to a wind and hailstorm, which moved through her area on or about May 24, 2022.  Plaintiff alleges that she submitted a claim to Homesite against the policy for damages to the Property as a result of the storm.  Defendant, Misael Garza ("Garza"), an independent adjuster retained by Homesite, handled the claim.

---

[1] Homesite files this Notice of Removal without waiver of any claims or defenses including, but not limited to, any objection to this Court's assertion of personal jurisdiction over Homesite in this matter.  *See, e.g., Alliantgroup, L.P. v. Feingold,* No. H- 90-0479, 2009 WL 1109093, at *6 (S.D. Tex. April 24, 2009) (personal jurisdiction objection may be raised after removal).

1

2. Around August 19, 2022, Plaintiff's counsel provided Homesite with a pre-suit demand letter which alleged dwelling damages of $35,146.27 after applying Plaintiff's $2500 deductible plus penalties, interest, and attorneys' fees. (EXHIBIT D).

3. On December 13, 2022, Plaintiff filed suit against Homesite and Garza in the 49th Judicial District Court of Webb County, Cause No. 2022CVH001747D1, styled *Eva Rios v. Homesite Insurance Company and Misael Garza.* (EXHIBIT B). Plaintiff served Homesite with the petition on or about December 20, 2022. *Id.* Plaintiff's Original Petition alleges breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act (DTPA), and fraud. *Id.* Plaintiff requests monetary relief of less than $250,000. *Id.* On January 6, 2023, Homesite filed an answer and jury demand. (EXHIBIT C).

4. Chapter 542A of the Texas Insurance Code allows a defendant insurance company to assume its adjuster's liability, if any, and dismiss said adjuster from the case by operation of law. TEX. INS. CODE § 542A.006(a). Specifically, Chapter 542A provides that:

> Except as provided by Subsection (h), in an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.

TEX. INS. CODE § 542A.006(a). Upon notice of said written election, "the court shall dismiss the action against the agent with prejudice." *Id*. at § 542A.006(c).

5. This Court has original subject matter jurisdiction over this case under 28 U.S.C. § 1332. Plaintiff is a citizen of the State of Texas and Homesite is a citizen of the State of Wisconsin. (EXHIBITS B, E, & F). Although Defendant Garza is a resident of Texas, she is improperly joined in this lawsuit (as explained below), therefore her citizenship is not relevant for purposes of this removal. Thus, Plaintiff is diverse in citizenship from Homesite.

6. Regarding the amount in controversy, Plaintiffs' petition seeks to recover less than $250,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees. (EXHIBIT B). Plaintiff's pre-suit demand letter provides $35,146.27 as the amount of actual loss (not including penalties, interest and attorneys' fees). (EXHIBIT D). However, because Plaintiff is also seeking treble/exemplary damages (which would increase Plaintiff's potential claimed damages to over $105,000), the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

## BASIS FOR REMOVAL

7. Pursuant to 28 U.S.C. § 1332, this action could have been filed in this Court in that there is complete diversity of citizenship between Plaintiff and Defendant Homesite, Defendant Garza is improperly joined, and the amount in controversy likely exceeds $75,000, exclusive of interest and costs.

**A. Complete Diversity of Citizenship Exists Because Defendant Misael Garza is Improperly Joined.**

8. Plaintiff alleges in her Original Petition that she is a resident of Webb County, Texas. (EXHIBIT B). Homesite is a Wisconsin corporation authorized to engage in the insurance business in Texas, rendering it a citizen of the State of Wisconsin. (EXHIBITS E & F). As mentioned above, although Garza is domiciled in Texas, her citizenship is not relevant here as she is improperly joined.

9. "[Improper] joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) **inability of the plaintiff to establish a cause of action against the non-diverse party in state court**." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (emphasis added); see also *McKee v. Kansas City S. Rail Road Co.*, 358 F.3d 329, 333 (5th Cir. 2004). To avoid improper joinder, a plaintiff must be able to show that there is "a reasonable basis for

3

predicting that the state law might impose liability on the facts involved… [t]his possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

10.     Pursuant to Texas Insurance Code §542A.006(a), once Homesite elects to accept liability for its agents, including independent adjusters, the statute prohibits the pursuit of any cause of action against this agent. As such, the nondiverse Defendant agent cannot be considered in assessing whether there is complete diversity between the parties. Section 542A.006(c) provides that if the insurer makes an election to accept an adjuster's liability after suit is filed, the court "shall dismiss the action against the [adjuster] with prejudice." Based on the aforementioned law, Homesite filed an Election of Legal Responsibility Pursuant to Texas Insurance Code § 542A.006 and a Motion to Dismiss Defendant Misael Garza with Prejudice Pursuant to Texas Insurance Code § 542A.006 with the 49th District Court of Webb County, Texas. (EXHIBIT G).

11.     Although Garza is a resident of Texas, her citizenship is not relevant for purposes of determining diversity of citizenship here because Plaintiff cannot establish a cause of action against her. *Travis*, 326 F.3d at 647. Garza has been improperly joined. *Id*. Therefore, the parties are diverse in citizenship and removal is proper.

**B.**     **Plaintiff Requests an Amount in Excess of the Jurisdictional Minimum.**

12.     In addition to the citizenship requirements, 28 U.S.C. § 1332(a) provides that the "district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000…."

13.     Plaintiff's Original Petition alleges damages of less than $250,000. (EXHIBIT B). Plaintiff's pre-suit demand alleged dwelling damages of $35,146.27 after applying Plaintiff's $2,500 deductible plus penalties, interest, and attorneys' fees. (EXHIBIT D). Plaintiff has also

alleged exemplary and treble damages based on violations of the Texas Insurance Code, violations of the DTPA, and fraud. *Id*. Therefore, the amount in controversy is greater than $75,000. These facts, plus the relief sought in Plaintiff's Original Petition, make clear that the amount in controversy for removal jurisdiction is met.

**C.      All Other Requirements for Removal Have Been Satisfied.**

14.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of the date on which Homesite was served with the Petition.  (EXHIBIT B). Through the filing of this Notice of Removal, Homesite expressly reserves, and does not waive, any defenses relating to service of process including, but not limited to, insufficient process or insufficient service of process. *See Padre Nterprises, Inc. v. Rhea*, 2012 WL 1072849, No. 4:11CV674, at *1 (E.D. Tex. Mar. 29, 2012) (defense of improper service is not waived through filing of notice of removal).

15.     Homesite has sought no similar relief with respect to this matter.

16.     Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending.

17.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

18.     A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the District Clerk of Webb County, Texas.

19.     Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

20.     In accordance with 28 U.S.C. § 1446 and Local Rule 81, Homesite attaches the following documents as exhibits:

   i.      Index of Matters Being Filed (EXHIBIT A);

ii. Citation of Service on Defendant Homesite Insurance Company and Plaintiff's Original Petition (EXHIBIT B);

iii. Defendant's Original Answer and Notice of Application for Jury Trial (EXHIBIT C);

iv. Plaintiff's Pre-suit Demand Letter (EXHIBIT D);

v. Company Summary from the National Association of Insurance Commissioners (EXHIBIT E);

vi. Financial Examination Report from the Wisconsin Commissioner of Insurance (EXHIBIT F);

vii. Defendant Homesite Insurance Company's Motion to Dismiss Misael Garza and Election of Legal Responsibility (EXHIBIT G);

viii. Docket Sheet (EXHIBIT H); and

ix. List of counsel of record and parties represented (EXHIBIT I) (there have been no orders signed by the state court judge).

21. The allegations in this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Southern District of Texas, and this cause is removable to the United States District Court for the Southern District of Texas.

22. The undersigned represents Homesite in this matter.

23. If any questions arise regarding the propriety of the removal of this action, Homesite requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

Respectfully submitted,

**THE HUDGINS LAW FIRM, P.C.**

By: /s/ *Steven F. Hudgins*
Steven F. Hudgins
Attorney in Charge
State Bar Number 00793993
Southern District Bar Number 19623
24 Greenway Plaza, Suite 2000
Houston, Texas 77046
Telephone (713) 623-2550
Facsimile (713) 623-2793
shudgins@hudgins-law.com

**ATTORNEYS FOR DEFENDANT,
HOMESITE INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

Pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases, United States District Court, Southern District of Texas, I certify that service of Defendant Homesite Insurance Company's Notice of Removal on known Filing Users will be automatically accomplished through the Notice of Electronic Filing on the 18th of January 2023.

s/ *Steven F. Hudgins*
Steven F. Hudgins
